UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DEAN,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY, TOKIO MARINE GROUP, and DOES 1 to 50,<br><br>　　　　　　　Defendants. | Case No.: 25-cv-341-RSH-BLM<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[ECF No. 3] |

Before the Court is a motion to dismiss filed by defendants Reliance Standard Life Insurance Company ("Reliance") and Tokio Marine Group ("Tokio"). ECF No. 3. As set forth below, the motion is granted.

## I.　BACKGROUND

On January 23, 2025, plaintiff James Dean filed his Complaint in California Superior Court. ECF No. 1-2 ("Compl."). He alleges that he purchased from Reliance a long-term disability insurance policy (the "Policy") "for himself and his employees." Compl. ¶ 2. Plaintiff further alleges that he was injured in an accident on March 26, 2022, during which while walking on the sidewalk in San Diego he was struck by a woman illegally riding an

electric scooter on the sidewalk. *Id.* ¶ 17. Plaintiff suffered broken bones and a traumatic brain injury. *Id.* Thereafter, he made a claim on the Policy, which Reliance denied. *Id.* ¶ 18. The Complaint brings state-law claims against Reliance, and against its corporate parent Tokio, based on the denial of his claim.

On February 14, 2025, Defendants removed the action to this Court. ECF No. 1.

On February 21, 2025, Defendants moved to dismiss the Complaint. ECF No. 3. Plaintiff's opposition brief was due on March 14, 2025, but Plaintiff did not file one. On March 19, 2025, Defendants filed a notice that because Plaintiff had failed to oppose the motion, they would not be filing a reply brief. ECF No. 4.

## II.     LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The plausibility review is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleading facts "'merely consistent with' a defendant's liability" falls short of a plausible entitlement to relief. *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). A court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, a court is "not bound to accept as true a legal

2

25-cv-341-RSH-MSB

conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

### III. ANALYSIS

Defendants' motion to dismiss argues that Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Plaintiff has not opposed, and has not sought leave to file a late brief. Under the Local Rules of this Court, failure to timely file an opposition brief may be deemed consent to the granting of the motion. CivLR 7.1(f)(3)(c). Although this is an adequate basis to grant dismissal, the Court also determines that dismissal is warranted on the merits.

ERISA creates a federal cause of action to recover benefits due under ERISA plans. *See* 29 U.S.C. § 1132(a)(1)(B). At the same time, ERISA provides that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) …." 29 U.S.C. § 1144(a); *see also Bui v. AT&T*, 310 F.3d 1143, 1148 (9th Cir. 2002) ("ERISA precludes state law claims predicated on the denial of benefits.").

To determine whether a plan qualifies as an ERISA plan, the Court turns to the definition contained in the statute. ERISA defines "employee welfare benefit plan" to include, in relevant part, "any plan, fund, or program which … is … established or maintained by an employer … to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise … benefits in the event of sickness, accident, [or] disability …." 29 U.S.C. § 1002(1).

The Department of Labor has issued regulations excluding, from ERISA's definition of "employee welfare benefit plan," certain group insurance programs where the purchasing employer has little involvement in the plan:

> (j) Certain group or group-type insurance programs. For purposes of title I of the Act and this chapter, the terms "employee welfare benefit

3

plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which

    (1) No contributions are made by an employer or employee organization;

    (2) Participation the program is completely voluntary for employees or members;

    (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and

    (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j). For the exception to apply, each of the four elements above must be present. *Stuart v. UNUM Life Ins. Co. of Am.*, 217 F.3d 1145, 1150 (9th Cir. 2000). The Ninth Circuit has explained that "[a] bare purchase of insurance, without any of the above elements present, does not by itself constitute an ERISA plan," and that "[a]n employer has not established an ERISA plan if it merely advertises a group insurance plan that has none of the attributes described in 29 C.F.R. § 2510.3–1(j)." *Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir. 1988).

    Here, the Complaint indicates that the Policy was issued in connection with an ERISA plan as defined in 29 U.S.C. § 1002(1). Plaintiff alleges that he entered into a contract with Reliance "whereby Reliance sold, and Mr. Dean purchased the Policy for the benefit of himself and his employees." Compl. ¶ 14. The Complaint refers to, but does not attach, the group long-term disability Policy issued in 2008 by Reliance.

1  Defendants attach a copy of a policy in connection with their motion to dismiss. *See*
2  ECF No. 3-2 (Bernacchi Decl. ¶ 3), ECF No. 3-3 Ex. B. The policy recites that it is effective
3  as of December 1, 2008; identifies the Participating Unit as Keysoft Systems, Inc.; and
4  identifies the Participating Unit Number as "LTD 005253." ECF No. 3-3 at ECF p. 23.
5  This corresponds to the timeframe and policy number referenced in the Complaint. *See*
6  Compl. ¶ 3 ("Reliance insured Plaintiff Dean under the terms of Reliance Disability policy
7  LTD SMALL 005253 (the 'Policy').")., ¶ 14 (referring to Plaintiff's purchase of the Policy
8  in 2008).

9  In deciding a Rule 12(b)(6) motion, a court may consider "documents whose
10 contents are alleged in a complaint and whose authenticity no party questions, but which
11 are not physically attached to the pleading," without converting a motion to dismiss under
12 Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454
13 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d
14 1119 (9th Cir. 2002); *see also Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 943
15 n.1 (9th Cir. 2008) ("We're allowed to consider the plan documents, even on a motion to
16 dismiss, because [the plaintiff] refers to them in his complaint."). Plaintiff has not contested
17 the authenticity of this document, which on its face corresponds to the Policy described in
18 the Complaint. The Court therefore considers the document submitted by Defendants as
19 the Policy at issue. The Policy reflects a program provided by Keysoft Systems, Inc. to
20 provide its employees with group long-term disability insurance; and allows a reasonable
21 person to ascertain the intended benefits, beneficiaries, sources of funding, and procedures
22 for receiving benefits. This falls within the scope of the definition of "employee welfare
23 benefit plan" contained at 29 U.S.C. § 1002(1). *See Cox ex rel. Cox v. Reliance Standard*
24 *Life Ins. Co.*, No. 1:13-CV-00104, 2013 WL 2156546, at *3 (E.D. Cal. May 17, 2013).

25 The Policy further provides, under its schedule of benefits, that insured employees
26 are not required to contribute to the cost of premiums. *Id.* at ECF p. 27
27 ("CONTRIBUTIONS: Insured: 0%[.] Premium contributions will not be included in the

Insured's gross income."). Accordingly, under the terms of the Policy, the first of the four requirements for the exception—that "[n]o contributions are made by an employer or employee organization"—does not apply here.

The Court concludes that Plaintiff's claims for benefits under the Policy at issue relate to an "employee welfare benefit plan" as defined by ERISA, and that ERISA's preemption provision applies. Under that provision, each of the claims in the Complaint are state-law claims that relate to Reliance's failure to pay benefits under the Policy, and are therefore preempted. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."); *Bui*, 310 F.3d at 1148 ("ERISA precludes state law claims predicated on the denial of benefits."); *Hyder v. Kemper Nat. Servs., Inc.*, 390 F. Supp. 2d 915, 918-19 (N.D. Cal. 2005) (finding preemption of state claims against insurance defendants arising from denial of disability benefits).

Neither party has addressed whether, upon dismissal of the Complaint, Plaintiff should be granted leave to amend. In light of the grounds for dismissal—namely, that Plaintiff's state-law claims are preempted by ERISA—the Court grants Plaintiff leave to file an amended complaint that states a federal claim under ERISA.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss [ECF No. 3] is **GRANTED**. The Complaint is **DISMISSED**. Plaintiff is **GRANTED** leave to file, within fourteen (14) days of this order, an amended complaint. If Plaintiff fails to file an amended pleading within that timeframe, the action will be dismissed.

**IT IS SO ORDERED.**

Dated: March 20, 2025

_____
Hon. Robert S. Huie
United States District Judge